## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-09-940 |
| | § | (C.A. No. C-11-3) |
| ALBERT RUSSELL DAVIES, | § | |
| | § | |
| Defendant/Movant. | § | |

### MEMORANDUM OPINION AND ORDER DISMISSING MOTION
### TO VACATE, SET ASIDE OR CORRECT SENTENCE AND
### ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Albert Russell Davies' (Davies) motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 with supporting memorandum. D.E. 40, 41.[1] The Court ordered the government to respond. D.E. 42. Davies filed his affidavit. D.E. 46. The government filed its response. D.E. 50. Davies did not file a reply.

As discussed in more detail herein, the Court concludes that Davies' claims are subject to dismissal because he validly waived his right to file them. The Court thus DISMISSES Davies' § 2255 motion and DENIES him a Certificate of Appealability.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Docket entry references are to the criminal case.

1

## II.  FACTS AND PROCEEDINGS

Davies was arrested in October 2009 at the Falfurrias, Texas checkpoint after Border Patrol agents discovered 30 bundles of marijuana hidden in a compartment under the ice chest of the boat Davies was pulling.  D.E. 1. Davies was advised of his <u>Miranda</u> rights and gave a statement in which he stated that he purchased the boat two weeks earlier, did not yet have title, and had not yet taken the boat out on the water.

Davies first appeared before a federal Magistrate Judge the day after he was arrested and was appointed counsel. D.E. 2, 5. He waived a detention hearing. Minute Entry October 23, 2009. Davies was indicted on November 11, 2009, for possession with intent to distribute more than 100 kilograms of marijuana, specifically 162.5 kilograms, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was arraigned on November 25, 2009. D.E. 13. Before arraignment, Davies retained counsel who substituted for appointed counsel. D.E. 12, 14.

### A.    Plea Agreement and Rearraignment

Davies entered into a written plea agreement with the government and was rearraigned on January 6, 2010. D.E. 24, 25. In exchange for his guilty plea and his waiver of appellate and § 2255 rights, the government agreed to recommend that Davies receive the maximum credit for acceptance of responsibility and to recommend a sentence within the guideline range. D.E. 25 at ¶¶ 1-2. The plea agreement waiver language follows,

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence

2

imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b).  Additionally, the defendant is aware that  28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

D.E. 15 at ¶ 7 (emphasis in original). The agreement was signed by both Davies and his

counsel. D.E. 15 at 5.

At Davies' rearraignment, the Court specifically questioned him under oath to ensure

that his plea was voluntary and knowing and to ensure that he understood and was

voluntarily relinquishing his right to file a § 2255 motion. Specifically, after discussing the

waiver of his appellate rights, the Court admonished:

> 24 THE COURT: Now, I will be the last judge to speak on
> 25 your case. And that is because at Page 7, excuse me, Page 3,
> 1 Paragraph 7, each of you are giving up your right to appeal
> 2 your sentence or conviction, unless I sentence you above the
> 3 statutory maximum, or upwardly depart from the Guidelines when
> 4 the Government has not requested me to do so. So unless one of
> 5 those two cases happens, the decisions I make on your sentence
> 6 can not be appealed.
> 7 Do you understand, Mr. Davies?
> 8 DEFENDANT DAVIES: Yes, sir. . . . .
> 11 THE COURT: Also, *you will not be able to file a*
> 12 *petition under Title 28, United States Code, Section 2255,*
> 13 *because you are giving up any rights you have, which you do*
> 14 *have such a right. You'll be giving up your right to file a*
> 15 *document or a pleading, a writ, a petition, that I review your*
> 16 *case, and consider modifying it or vacating it based on some*

3

> 17 *sort of constitutional problems that there may be in the case.*
> 18 *Do you understand, Mr. Davies?*
> 19 *DEFENDANT DAVIES: Yes, sir. . . .*
> 22 THE COURT: And do you want to give up your rights of
> 23 appeal as I've described, as well as your rights to file such
> 24 post-conviction proceedings, . . . .
> 1 THE COURT: Mr. Davies?
> 2 DEFENDANT DAVIES: Yes, sir..

D.E. 47 at 29-31 (emphasis added).

Davies testified that the plea agreement was his, that it was the entire agreement, that he understood it, and had discussed it with his attorney before signing it. Id. at 28. He testified that no one promised him what his sentence would be. Id. at 31. It is clear from the foregoing that Davies' waiver of his § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

During rearraignment, Davies further testified that he did not need more time with counsel, that counsel had answered his questions, he believed counsel had adequately investigated his case, and he was satisfied with counsel's services. D.E. 47 at 15-17. The Court informed Davies of the various trial rights available to him, and he testified that he understood those rights and understood that if he pleaded guilty, he would be giving up those trial rights. Id. at 19-20.

Consistent with Rule 11 of the Federal Rules of Criminal Procedure, the Court explained to Davies the maximum punishment that he might receive. Specifically, the Court informed him that he faced up to 40 years in prison, a minimum mandatory sentence of 5 years, supervised release of at least four years up to life, a fine of up to $2 million, and a

mandatory special assessment of $100. Id. at 23. Davies told the Court he understood. Id. at 24. Davies agreed with the factual recitation by the government's attorney. Id. at 34-38.

**B.     Presentence Investigation Report and Sentencing**

At the conclusion of the rearraignment, the Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report (PSR). The PSR calculated Davies' base offense level as 26 based upon the quantity of marijuana. D.E. 29 at ¶ 11. After subtraction for acceptance of responsibility, the total offense level was 23. Id. at ¶ 20.

Davies had several scored criminal convictions. Id. at ¶¶ 22-26. His prior convictions included two misdemeanor driving while impaired or intoxicated, both from New York. Additionally, he had an aggravated driving while license suspended that was not scored. Davies had a drug trafficking conviction from New York and a misdemeanor possession conviction.  His criminal history points totaled 7 resulting in criminal history Category IV. His resulting guideline range was a term of imprisonment of 70 to 87 months with a statutory minimum sentence of 5 years. Id. at ¶¶ 43, 44.

Davies' counsel filed a notice of no objections to the PSR. D.E. 32. Sentencing was held on March 18, 2010. Minute Entry March 18, 2010. At sentencing, Davies advised the Court that he believed there were "problems with my criminal history." D.E. 48 at 4. Davies complained that he received the PSR and went over it with his counsel the day before sentencing. Id. After a brief recess, counsel urged an objection to ¶ 22 of the PSR because Davies and not been sentenced to imprisonment and requested the Court delete the point assessed for criminal history. The Court overruled the objection. Id. at 9. Counsel also urged

minor role for Davies, which the Court overruled. Id. at 12.

The Court imposed a Guideline sentence of 72 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and also imposed a $100 special assessment. Id. at 17. The Court reminded Davies of his waiver of appeal. Id. at 19. Judgment of conviction and sentence was entered March 22, 2010. D.E. 38. Consistent with his waiver of appellate rights, Davies did not appeal. The Clerk received Davies' § 2255 motion on January 5, 2011. D.E. 40. It is timely.

## III.  MOVANT'S ALLEGATIONS

In his § 2255 motion, Davies lists two grounds for relief, 1) that his criminal history score was incorrectly calculated and resulted in a higher Guideline sentencing range and 2) his counsel was ineffective at sentencing for not challenging the point awarded for his conviction for driving while impaired.

In its response, the government argues that Davies' motion is barred in its entirety because of the waiver of § 2255 rights in his written plea agreement. D.E. 50 at 4-5. Alternatively, the government argues that Davies' claims fail on the merits. Id. at 8.

For the reasons set forth herein, the Court concludes that Davies' motion is barred by his waiver.

## IV.  DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's

jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

## B.    Waiver of § 2255

Before he pled guilty, Davies was informed that his plea agreement included a waiver of his appeal and post-conviction rights to challenge his sentence and he affirmatively testified that he had discussed the terms of the plea agreement with counsel and he wished to waive those rights. See Part II at page 4, supra. Davies' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). In short, Davies cannot overcome his testimony at rearraignment that he was willingly giving up his right to challenge his conviction and sentence by appeal or by post-conviction motion to vacate. The Court finds that his plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Davies' claims

7

falls within the scope of his waiver and are thus barred from consideration.[2]

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Davies has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

---

[2]  Although Davies claims his counsel was ineffective because he failed to challenge the assessment of one point for Davies' conviction for driving while impaired, a review of the sentencing transcript reveals that counsel did urge the objection , but the Court overruled it. See Part II(B) at 5-6, supra.

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Davies is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. <u>See</u> <u>Jones</u>, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Davies' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 40) is DISMISSED. He is also denied a Certificate of Appealability

It is so ORDERED this 7th day of November 2011.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE